### ROUTLEDGE *et al.* v. WORTHINGTON Co.

*(Superior Court of New York City, General Term. May 7, 1888.)*

EVIDENCE—PAROL TO VARY WRITING—SALE—STATUTE OF FRAUDS.

In an action on a contract of sale required by the statute of frauds to be in writing, parol evidence is inadmissible to vary the writing.

Appeal from jury term.

Action by George Routledge and others against the Worthington Company on a written contract of sale. Defendant appeals from a judgment on a verdict for plaintiffs, and from an order denying a motion for a new trial.

Argued before FREEDMAN and O'GORMAN, JJ.

*Anderson & Man*, for appellant. *Charles N. Judson*, for respondents.

PER CURIAM. The contract of sale was one which the statute of frauds requires to be in writing, and consequently no addition to, or variation of, the writing could be established by parol evidence. Under the operation of this rule, the evidence offered by the defendant for the purpose of showing that it was part of the agreement that the plaintiffs should not lower their trade price of Dickens' works, was properly excluded. *Brigg* v. *Hilton*, 99 N. Y. 517, 3 N. E. Rep. 51, is not in point, because in that case there was no written contract. In computing the amount for which the verdict was directed, the court gave to the defendant the benefit of all deductions which it could rightfully claim. Under these circumstances it was not error to refuse to permit the jury to assess the damages counter-claimed by the defendant. Upon the whole case, substantial justice seems to have been done, and the judgment and order appealed from should be affirmed, with costs.